**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Spencer Neal,

                Plaintiff,                :     Case No. 2:18-cv-632

     - vs -                                Judge Sarah D. Morrison
                                            Magistrate Judge Kimberly A. Jolson

Morales Real Estate Investments, Ltd.,
      *et al.,*

                                    :

                Defendants.

## OPINION & ORDER

This is an Americans with Disabilities Act case. Presently, Defendants Morales Real Estate Investments, Ltd. and Morales, Inc. (collectively, "Morales") move to dismiss (ECF No. 42) Plaintiff Spencer Neal's First Amended Complaint (ECF No. 36) pursuant to Fed. R. Civ. P. 12(B)(6). Neal opposes (ECF No. 44) and Morales' Reply (ECF No. 45) is filed. In addition, Neal offers new authority (ECF No. 49, 50) that Morales opposes (ECF No. 51.) After due consideration, the Court holds that the motion (ECF No. 42) is **MOOT**.

### I.      BACKGROUND

Because Morales' Motion to Dismiss is brought under Rule 12(b)(6), the Court, for the purposes of the motion, must treat Neal's well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Neal is disabled under the ADA and requires a wheelchair to ambulate. (ECF No. 36 ¶ 6). Morales Real Estate owns property upon which Morales, Inc. operates a Mexican restaurant known as El Vaquero. *Id.* ¶¶ 2, 3. El Vaquero is located in Columbus, Ohio. *Id.*

On June 14, 2018, Neal traveled from his home in Akron, Ohio to El Vaquero. *Id.* ¶ 6. The trip totaled approximately 123 miles. (ECF No. 42 at p. 9 and ECF No. 44 at 12); *see also Neal v. Divya Jyoti Ltd.*, No. 2:18-cv-958, 2019 U.S. Dist. LEXIS 126053, at *3 n.2 (S.D. Ohio July 29, 2019) (taking judicial notice that approximate distance between Akron and Columbus is 123 miles). While at the restaurant, he encountered architectural barriers that prevented or impaired his full and equal access to the restaurant. (ECF No. 36 ¶ ¶ 9-12.) His resultant First Amended Complaint asserts claims under Title III of the ADA, 42 U.S.C. § § 12181-12189. *Id.* ¶ ¶ 1-16. He seeks declaratory judgment, injunctive relief and attorneys' fees. *Id.* ¶ ¶ A-C.

In response, Morales' Motion to Dismiss (ECF No. 42) asserts that Neal lacks standing such that he fails to state a claim upon which relief can be granted. Neal predictably counters that he does have standing. It is to an examination of those arguments that this Court now turns.

## II.    LEGAL STANDARD

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted). "If the plaintiff's facts, accepted as true, do not state a claim that has facial plausibility, the plaintiff has not satisfied the pleading requirements under Rule 8, and the complaint will be dismissed." *Binno v. ABA*, 826 F.3d 338, 346 (6th Cir. 2016).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." *Id.* 557–58 (internal citations omitted).

"In evaluating a motion to dismiss, a court generally is limited to the complaint and exhibits attached thereto, and is not permitted to consider matters beyond the complaint." *Blesedell v. Chillicothe Tel. Co.*, No. 2:13-cv-451, 2013 U.S. Dist. LEXIS 165076, at *5-6 (S.D. Ohio Nov. 19, 2013) (citing *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012) and *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)). "Most materials outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed.R.Civ.P. 56." *Blesedell*, 2013 U.S. Dist. LEXIS 165076, at *5-6 (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). "However, the court may consider a document or instrument which is attached to the complaint, or which is referred to in

the complaint and is central to the plaintiff's claim." *Blesedell*, 2013 U.S. Dist. LEXIS 165076, at *5-6 (citing Fed.R.Civ.P. 10(c) and *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011)).

Neal attaches a "Site Accessibility Evaluation" to his Opposition, along with the resume, affidavit, and invoice of the Evaluation's author. (ECF No. 44.) None of those documents are attached or referred to in Neal's First Amended Complaint. Moreover, the parties have filed cross-motions for summary judgment (ECF Nos. 52, 53) so conversion to a motion under Civ. R. 56 is unnecessary. Therefore, the Court will not consider those documents in ruling on the motion to dismiss. *See Durham v. Makower, Abbate & Assocs., PLLC*, No. 16-12785, 2016 U.S. Dist. LEXIS 168812, at *5 (E.D. Mich. Dec. 7, 2016) (declining to consider exhibit not attached to or mentioned within the complaint when addressing a Fed. R. Civ. P. 12(B)(6) motion to dismiss).

**III**.    **ANALYSIS**

This is an Article III Court. As such, the Court is limited to hearing actual cases and controversies. U.S. Const. art. III, § 2. "The case or controversy requirement is only satisfied if the Court can satisfy itself that the plaintiff has standing." *Judy v. Pingue*, No. 2:08-CV-859, 2009 U.S. Dist. LEXIS 109990, at *3 (S.D. Ohio Nov. 25, 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Thus, standing is a threshold requirement for federal jurisdiction and is determined as of the time the complaint was filed. *Binno*, 826 F.3d at 344; *see also Sullivan v. Benningfield*, 920 F.3d 401, 407 (6th Cir. 2019) (citation omitted). If a party does not have standing to bring an action, then the Court has no authority to hear the matter and must dismiss the case. *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015). "The party seeking to invoke federal jurisdiction bears the burden to demonstrate standing and he

'must plead its components with specificity.'" *Daubenmire v. City of Columbus*, 507 F.3d 383, 388 (6th Cir. 2007) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)).

To establish Article III standing, the plaintiff must allege that: "(1) he has suffered an injury-in-fact that is both '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical'; (2) the injury is fairly traceable to the defendant's conduct; and (3) it is likely that the injury will be redressed by a favorable decision." *Binno*, 826 F.3d at 344 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Each of the standing elements "must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "'For purposes of ruling on a motion to dismiss for want of standing, . . . courts must accept as true all the material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Coyne*, 183 F.3d at 492 (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)); *see also Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579-80 (6th Cir. 2014). The parties focus their attention on the injury-in-fact aspect of the analysis.

## A. Injury

Because Neal seeks injunctive relief governing future conduct, "he must demonstrate that there is a non-speculative, imminent threat of repeated injury to establish that there is an injury in fact." *Judy*, 2009 U.S. Dist. LEXIS 109990, at *4 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). In ADA cases such as this where a plaintiff has actually encountered a physical barrier, a plaintiff demonstrates the requisite threat of future injury where he establishes (1) a plausible intent to return to the noncompliant accommodation or (2) that he would return, but is deterred from visiting the noncompliant accommodation because of the alleged accessibility

barriers. *Divya Jyoti Ltd.*, 2019 U.S. Dist. LEXIS 126053, at *26 (citing *Gaylor*, 582 F. App'x at 580 (6th Cir. 2014)); *see also Judy*, 2009 U.S. Dist. LEXIS 109990, at *5-6 (citing cases).

When addressing whether an ADA plaintiff's likelihood of returning is plausible or sufficient enough to confer standing under either of those means, the Court considers: "'(1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.'" *Judy*, 2009 U.S. Dist. LEXIS 109990, at *6 (quoting *D'lil v. Stardust Vacation Club*, No. 2:00-CV-01496, 2001 WL 1825832, at *3 (E.D. Cal. Dec. 21, 2001) and citing *Vaughn v. Rent-a-Center*, No. 2:06-CV-1207, 2009 U.S. Dist. LEXIS 20747 (S.D. Ohio March 16, 2009)); *see also Bowman v. KISAN, LLC*, No. 3:13-cv-0630, 2014 U.S. Dist. LEXIS 162490, at *14 (M.D. Tenn. Nov. 19, 2014); *see also Kramer v. Midamco*, 656 F. Supp. 2d 740, 748 (N.D. Ohio 2009).

Initially, Neal challenges *Judy's* applicability to the case at bar, arguing that *Divya Jyoti's* analytical framework should control here. (ECF No. 49.) Neal was the plaintiff in *Divya Jyoti* who visited a hotel and alleged that he encountered architectural barriers to access while there in violation of Title III of the ADA. In that case, Neal moved for summary judgment and the hotel opposed by arguing, in part, that Neal lacked standing because he did not suffer an injury and he did not suffer an imminent threat of injury in the future. *Divya Jyoti Ltd.*, 2019 U.S. Dist. LEXIS 126053, at *29. The *Divya Jyoti* court found the hotel's argument on this point unpersuasive. Instead, the *Divya Jyoti* court held that Neal's affidavit testimony to the effect that he would return to the hotel after it was brought into compliance was sufficiently specific to satisfy standing. *Id*. at ** 30-31.

*Divya Jyoti* involves the same plaintiff making the same allegations, albeit about a hotel as opposed to a restaurant. While it is true that *Divya Jyoti* does not explicitly mention and apply *Judy's* factors to its analysis, that is because the parties did not reference *Judy* in their summary judgment filings. *Divya Jyoti*, however, did implicitly consider the *Judy* factors. *Divya Jyoti Ltd.*, 2019 U.S. Dist. LEXIS 126053, at ** 2-3, 27 (noting distance between Akron and Columbus, stating Neal had previously visited the hotel, and commenting that Neal has friends in Columbus and visits the area frequently). Because *Judy* addresses a Title III ADA motion to dismiss for lack of standing, the parties herein have fully briefed *Judy*, and *Divya Jyoti* implicitly contemplates *Judy's* factors, the Court will examine each of the four *Judy* factors when deciding whether Neal has standing in this matter while remaining cognizant of *Divya Jyoti's* noted holding.

To begin, the first *Judy* factor examines the distance between the plaintiff's residence and the defendant's location. Neal lives approximately 123 miles away from El Vaquero. "The plaintiff's distance from the defendant's place of business becomes especially significant when it is more than 100 miles." *Judy*, 2009 U.S. Dist. LEXIS 109990, at *8-9 (citing *Molski v. Mandarin Touch Restaurant*, 385 F. Supp. 2d 1042, 1045 (D. Cal. 2005) ("[C]ourts have consistently held that it weighs against finding a reasonable likelihood of future harm" when the distance is more than 100 miles)). The distance therefore "makes it unlikely that [Neal] will return to" El Vaquero and counsels against a finding of standing. *Judy*, 2009 U.S. Dist. LEXIS 109990, at *9.

The second factor involves Neal's past patronage of El Vaquero. Previous visits make it likely that he will return. *Judy*, 2009 U.S. Dist. LEXIS 109990, at *9. The First Amended

Complaint does not assert that Neal visited the restaurant prior to June 14, 2018. In other words, Neal has been to El Vaquero once. This factor therefore weighs in favor of dismissal.

The third factor is the definitiveness of Neal's plans to return to El Vaquero. No concrete plan with a firm date to return is necessary. *Divya Jyoti Ltd*., 2019 U.S. Dist. LEXIS 126053, at *31. However, Neal must "assert [] some credible reason for his desire to return to the property in question." *Judy*, 2009 U.S. Dist. LEXIS 109990, at *10 (citing *Vaughn*, 2009 U.S. Dist. LEXIS 20747, at *20-21. This, Neal has done. Specifically, he alleges that he will return to El Vaquero if the restaurant "is made fully accessible to a disabled person in a wheelchair." (ECF No. 36 ¶ 6.) Courts have held the same reason to be sufficiently specific. *See Divya Jyoti Ltd*., 2019 U.S. Dist. LEXIS 126053, at *31; *see also Neal v. Second Sole of Youngstown, Inc*., No. 1:17-cv-1625, 2018 U.S. Dist. LEXIS 61677, 2018 WL 1740140, at *7 (N.D. Ohio Apr. 11, 2018) (citing *Houston v. Marod Supermarkets*, 733 F.3d 1323, 1340 (11th Cir. 2013)). This element leans toward a finding of standing.

Neal's futility argument warrants mention at this juncture. Specifically, Neal argues that he does not need to plead that he will return to the allegedly non-compliant venue when he knows the establishment remains inaccessible to handicapped individuals in order to establish the "actual and imminent" aspect of the injury-in-fact analysis. (ECF No. 44 at 10-13.) Because the Court determines that Neal does assert "some credible reason for his desire to return to" El Vaquero, the Court does not address this contention.

The fourth and final factor considers Neal's frequency of travel to the area surrounding El Vaquero. In this regard, the First Amended Complaint does not: (1) aver that El Vaquero is close to where Neal's family members or friends live; (2) specify any particular reason why Neal visited Columbus on June 14, 2018; (3) detail why Neal visited El Vaquero instead of other

Mexican restaurants in the area; or (4) state that he works or conducts business in the area near El Vaquero. Hence, Morales accurately characterizes the First Amended Complaint as lacking "a history, pattern, or frequency of [Neal's] travel (whether in the past or intended for the future) anywhere near" El Vaquero. (ECF No. 42 at 11.) From this, the Court finds no indication of Neal's past patronage of El Vaquero that would raise a reasonable likelihood that Neal is likely to return. *Judy*, 2009 U.S. Dist. LEXIS 109990, at *10. This factor therefore weighs against a finding of standing.

In sum, the *Judy* factors weigh against holding that Neal is likely to return to El Vaquero. Morales' challenge related to the actual or imminent injury requirement seemingly has merit. However, dismissal is a "harsh remedy" and amendment is the preferred course. *Powell v. Morris*, 184 F.R.D. 591, 594 (S.D. Ohio 1998); *see also Guzowski v. Hartman*, 723 F.2d 909 (6th Cir. 1983) ("Ordinarily, a court confronted with a deficient pleading would grant leave to amend the complaint, since dismissal is a harsh sanction."). And, *Divya Jyoti* counsels that Neal's First Amended Complaint could be amended to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). Consequently, the Court will allow Neal leave to amend his First Amended Complaint to address the noted deficiencies. As the Court is permitting amendment, Morales' Motion to Dismiss (ECF No. 36) is **MOOT**.

### B. Tester

Neal additionally asserts that he has standing because he intends to return to El Vaquero as a "tester" to "ascertain whether [El Vaquero] removed the barriers to access which are the subject of this litigation." (ECF No. 36 ¶ 6.) "In the ADA context, a tester is a qualified individual with a disability who is testing an entity's compliance with federal disability statutes."

*Judy*, 2009 U.S. Dist. LEXIS 109990, at *12 (citing *Tandy v. City of Wichita*, 380 F.3d 1277, 1287 (10th Cir. 2004)). Morales disputes that Neal is such a "qualified individual." (ECF No. 42 at 11-13.) Because the Court is permitting Neal leave to amend, the Court need not address this portion of Morales's motion. *Id.*

## III.    CONCLUSION

Morales' Motion to Dismiss (ECF No. 42) is **MOOT**. Neal is **ORDERED** to file an Amended Complaint on or before November 18, 2019. Absolutely no further amendments will be permitted. Defendants shall file their Answer or responsive pleading on or before December 3, 2019. The Court will issue a case schedule after that date.

If Neal does not file his Second Amended Complaint by the noted deadline, the Court will *sua sponte* reconsider this Opinion & Order based upon Morales' Motion to Dismiss (ECF No. 42), Neal's Opposition (ECF No. 44), Morales's Reply (ECF No. 45) and the existing filings addressing *Divya Jyoti* (ECF Nos. 49, 50, 51).

Morales's Motion for Summary Judgment (ECF No. 52) is premised upon standing. Based on the Court's holding today, the Court finds that motion (ECF No. 52) is **MOOT**. Neal's Motion for Summary Judgment (ECF No. 53) is **DENIED WITHOUT PREJUDICE** to refiling. The parties will again have the opportunity to file dispositive motions pursuant to the scheduling order.

**IT IS SO ORDERED**.


/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**