**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Spencer Neal,

               Plaintiff,        :    Case No. 2:18-cv-632

  - vs -                    Judge Sarah D. Morrison
                       :    Magistrate Judge Kimberly A. Jolson

Morales Real Estate Investments, Ltd.,
    *et al.,*

                       :

           Defendants.

## OPINION & ORDER

Both sides move for summary judgment in this Americans with Disabilities Act ("ADA") case. (ECF Nos. 62, 66.) After due consideration, the Court **DENIES** the motions.

### I.    BACKGROUND

Plaintiff Spencer Neal is disabled under the ADA and requires a wheelchair to ambulate. (ECF No. 77-1 at ¶ 2.) Defendant Morales Real Estate Investments, Ltd. owns property upon which Defendant Morales, Inc. d/b/a El Vaquero Mexican Restaurant & Patios, a/k/a El Vaquero # 3, operates a Mexican restaurant. The restaurant, known as El Vaquero, is located at 3230 Olentangy River Road in Columbus, Ohio.

On June 14, 2018, Neal traveled from his home in Akron, Ohio to El Vaquero. *See id.* at ¶ 8. The trip totaled approximately 123 miles. *See Neal v. Divya Jyoti Ltd.*, No. 2:18-cv-958, 2019 U.S. Dist. LEXIS 126053, at *3 n.2 (S.D. Ohio July 29, 2019) (taking judicial notice that the approximate distance between Akron and Columbus is 123 miles). While at the restaurant, he encountered architectural barriers that prevented or impaired his full and equal access to the restaurant. (ECF No. 77-1 at ¶ 10.) Those barriers included but were not limited to: "(1) exterior

1

barriers, which include barriers to the parking lot, entry way, and patio; (2) interior barriers, which include barriers in the restaurant's reception area and dining areas; and (3) barriers in the men's public restroom." *Id*.

Mr. Neal lodged his Complaint less than two weeks later. (ECF No. 1.) Therein, he asserted that Defendant Morales Real Estate Investments, Ltd. had violated Title III of the ADA, 42 U.S.C. § § 12181, *et seq*. *Id*. The Complaint set forth a number of alleged violations Mr. Neal had encountered while at El Vaquero but noted that more violations existed. *Id*. at ¶ ¶ 9-10. He sought injunctive relief plus costs and attorney's fees. *Id*. at ¶ ¶ A-D. Defendant's resultant Motion for Judgment on the Pleadings (ECF No. 9) was met with Mr. Neal's Motion to Amend his Complaint (ECF No. 28). The latter was granted which rendered the former moot. (ECF Nos. 35-36.)

The First Amended Complaint restated the allegations in the Original Complaint but also added Defendant Morales, Inc. as a party. (ECF No. 36.) That time, Defendants moved to dismiss, arguing that Mr. Neal lacked standing. (ECF No. 42.) After that motion was fully briefed, both parties filed motions for summary judgment. (ECF Nos. 52, 53.) The Court stayed briefing on the summary judgment motions pending resolution of the Motion to Dismiss. (October 29, 2019 Notation Order.)

The Court's November 7, 2019 Opinion & Order ("Opinion") reviewed the requirements for Article III standing in an ADA case and found that the First Amended Complaint's allegations were insufficient to establish that Mr. Neal was likely to return to El Vaquero. However, the Court held that dismissal was a harsh remedy such that amendment was the "preferred course." (ECF No. 55 at 9.) Defendants' Motion to Dismiss and their Motion for

Summary Judgment, which also addressed standing, were denied as moot while Mr. Neal's Motion for Summary Judgment was denied without prejudice. *Id*. at 10.

Mr. Neal's Second Amended Complaint asserts claims against Defendants under Title III of the ADA as well as under parallel Ohio Revised Code and Ohio Administrative Code sections. (ECF No. 56.) He alleges that he personally encountered eighty-seven separate violations while at El Vaquero on June 14, 2018. *Id*. at ¶ 15. He seeks a declaratory judgment, injunctive relief, compensatory damages, attorney's fees and costs. *Id*. ¶ ¶ A-C. His current Motion for Summary Judgment argues that no genuine issues of material fact exist as to his standing, Defendants' violations of the ADA, and Defendants' readily achievable ability to remediate the violations. (ECF No. 56.) Mr. Neal therefore urges the Court to award him summary judgment on all claims.

Defendants likewise move for summary judgment. (ECF No. 66.) Their motion is primarily procedural. They first reiterate their argument that Mr. Neal lacks standing. They secondly argue that Mr. Neal's claims are moot. Third, they assert that Mr. Neal fails to join an indispensable party. Next, their substantive arguments begin with their contention that remediation is not readily achievable and end with their assertion that Mr. Neal does not offer evidence of damages for his state claims.

Each side also filed motions to strike the other's supporting documentation. (ECF Nos. 70, 71.) Mr. Neal seeks to exclude the affidavit of Ms. Thuy Pham and the exhibits attached thereto because the Defendants did not disclose Ms. Pham in violation of Fed. R. Civ. P. 26. (ECF No. 70). In turn, Defendants ask the Court to strike sections of Mr. Neal's opposition to their summary judgment motion for an insufficient notary acknowledgment. (ECF No. 71.) Both motions are predictably opposed.

3

All motions are fully briefed. The Court begins its analysis with standing before addressing mootness. The Court then addresses whether all necessary parties are before the Court. Next, the Court considers the motions to strike. Lastly, the Court addresses the substance of Mr. Neal's claims.

## II.    STANDING

Because standing is dispositive, the Court begins its analysis with this issue. As noted, Defendants argue that Mr. Neal lacks standing because he fails to show that he is likely to return to El Vaquero. (ECF No. 66 at 5-12.) Defendants also argue that Mr. Neal does not have standing as an ADA tester. *Id.* at 12-14. Mr. Neal retorts that he has a business tie to, and friends residing in, Columbus such that he does have standing. (ECF No. 69 at 3-8.) His contention prevails.

Defendants bring their standing argument under Fed. R. Civ. P. 56 for Mr. Neal's Second Amended Complaint. But "the more appropriate rule for [their] standing argument is Fed. R. Civ. P. 12. Rule 12(b)(1) provides for a motion to dismiss for lack of jurisdiction and applies when a party argues a lack of standing." *Walker v. 9912 E. Grand River Assocs.*, LP, No. 11-12085, 2012 U.S. Dist. LEXIS 46887, at *5 (E.D. Mich. Apr. 3, 2012) (applying Rule 12 to defendant's Fed. R. Civ. P. 56 motion on standing in Title III ADA case).

Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The standard of review of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on whether the defendant makes a facial or factual challenge to subject matter jurisdiction. *Wayside Church v. Van Buren County*, 847 F.3d 812, 816-17 (6th Cir. 2017). Defendants present the latter here. A factual attack "raises a factual controversy requiring the district court 'to weigh the conflicting

4

evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Id.* at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 666-67 (S.D. Ohio 2019) (citation omitted). The Court may permit "'affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

As an Article III Court, this Court is limited to hearing actual cases and controversies. U.S. Const. art. III, § 2. "The case or controversy requirement is only satisfied if the Court can satisfy itself that the plaintiff has standing." *Judy v. Pingue*, No. 2:08-CV-859, 2009 U.S. Dist. LEXIS 109990, at *3 (S.D. Ohio Nov. 25, 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Thus, standing is a threshold requirement for federal jurisdiction and is determined as of the time the complaint was filed. *Binno v. ABA*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). If a party does not have standing to bring an action, then the Court has no authority to hear the matter and must dismiss the case. *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015). "The party seeking to invoke federal jurisdiction bears the burden to demonstrate standing and he 'must plead its components with specificity.'" *Daubenmire v. City of Columbus*, 507 F.3d 383, 388 (6th Cir. 2007) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)).

To establish Article III standing, the plaintiff must allege that: "(1) he has suffered an injury-in-fact that is both '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical'; (2) the injury is fairly traceable to the defendant's conduct; and (3) it is likely that the injury will be redressed by a favorable decision." *Binno*, 826 F.3d at 344 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Each of the standing

elements "must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "'For purposes of ruling on a motion to dismiss for want of standing, . . . courts must accept as true all the material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Coyne*, 183 F.3d at 492 (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)); *see also Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579-80 (6th Cir. 2014). The parties focus their attention on the injury-in-fact aspect of the analysis.

That inquiry is two-fold. First, the Court determines whether Mr. Neal "alleges an injury that is concrete and particularized." "An injury is 'particularized' if it 'affect[s] the plaintiff in a personal and individual way.'" *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 757 (6th Cir. 2019) (quoting *Lujan*, 504 U.S. at 560 n.1). Here, Mr. Neal states that he personally visited El Vaquero and encountered difficulty while entering the restaurant, eating his meal and attempting to use the restroom. (ECF No. 77-1 at ¶ 10.) Those barriers "would interfere with a mobility-impaired individual's full and equal enjoyment" of the restaurant. *Mosley*, 942 F.3d at 757 (quotation and citation omitted). Accepting those allegations as true, Mr. Neal has sufficiently alleged a concrete and past injury. *Id*.

Because Neal seeks injunctive relief governing future conduct, the next part of the injury discussion involves whether he "demonstrate[s] that there is a non-speculative, imminent threat of repeated injury to establish that there is an injury in fact." *Judy*, 2009 U.S. Dist. LEXIS 109990, at *3 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). In ADA cases such as this where a plaintiff has actually encountered a physical barrier, the plaintiff demonstrates the requisite threat of future injury where he establishes (1) a plausible intent to return to the noncompliant accommodation *or* (2) that he would return, but is deterred from visiting the

6

noncompliant accommodation because of the alleged accessibility barriers. *Gaylor*, 582 F. App'x at 580 (emphasis added). The first alternative proves dispositive here.

When addressing whether an ADA plaintiff's likelihood of returning is plausible or sufficient enough to confer standing under either of those means, the Court considers the plaintiff's: (1) history of visiting the area; (2) history of visiting the specific location in focus; (3) allegations of past injury at the location; and (4) plans to return to the area in general and the location in particular in the future. *See Mosley*, 942 F.3d at 757-60; *see also Judy*, 2009 U.S. Dist. LEXIS 109990, at *6 (using similar factors). Each factor need not weigh in plaintiff's favor to establish standing; rather, the test is a "question of plausible intent to return to the accommodation based on all the allegations and any inferences that follow." *Mosley*, 942 F.3d at 759 (6th Cir. 2019).

Mr. Neal has been to El Vaquero once—June 14, 2018. But that fact is not fatal. Requiring ADA plaintiffs to visit the accommodation more than once would "flout Title III's requirement that plaintiffs not be asked 'to engage in a futile gesture' once they have actual notice of the barriers to access." *Mosley*, 942 F.3d at 760 (citing 42 U.S.C. §§ 12188(a)(1); 12183(a) (case citation omitted)).

Plaintiff's allegations as to future plans to return must be plausible, not credible. *Id*. at 758. Thus:

> It is enough to allege an intent to return to the area and an interest in visiting the accommodation in the future when it becomes ADA-compliant. While the plaintiff must show more than a 'some day' intent to return to the accommodation, frequent visits and concrete plans to return to the geographic area support a plausible inference of intent to return to the accommodation.

*Mosley*, 942 F.3d at 759 (citation omitted). In this regard, Mr. Neal states that he "frequently" goes to Columbus for business and personal reasons. (ECF No. 77-1 at ¶ 3.) He is the president

7

of Open Gate Fair Housing, which has a satellite office within four miles of El Vaquero. *Id.* at ¶ 5. When he visits Columbus, he often stays at hotels near El Vaquero. *Id.* at ¶ 6. He also goes to Columbus to visit friends. *Id.* at ¶ 3. Mr. Neal avers that he has been to Columbus "between 20 and 30 times" since June 14, 2018. *Id.* at ¶ 4. In addition, he states that he is looking for an apartment in Columbus and would like to relocate there. *Id.* Mr. Neal states that he has a "definite plan" to return to El Vaquero because he likes the tacos and salsa and it is located close to where he likes to stay when in town. *Id.* at ¶ 11.

Defendants argue that, because those allegations were missing from Mr. Neal's pleadings, filings and discovery responses until after the Court's Opinion found that their absence indicated a lack of standing, Mr. Neal is not credible. (ECF No. 67 at 5.) Under *Mosely*, however, the question is plausibility, not credibility. Furthermore, credibility determinations are for trials, not summary judgment decisions. Mr. Neal's averments as to his frequent visits and concrete plans to return are sufficient to establish standing. *Mosley*, 942 F.3d at 760-61.

Mr. Neal has therefore "established more than a 'some day' intent to return to the geographic area and an interest in" El Vaquero such that the Court "can infer an intent to return" to the restaurant. *Id.* at 759. Mr. Neal has satisfied the injury-in-fact requirement, and he has standing to proceed with his claims. *See id.* at 760.

That standing is not negated by any potential tester label. *Id.* at 758. Discussion of Mr. Neal's alleged tester status is therefore unnecessary, and Defendants' request for dismissal for lack of standing is **DENIED**. (ECF No. 66.)

## III.  MOOTNESS

Defendants next assert that judgment in their favor is proper because El Vaquero has entered into a contract to remediate the violations and because the restaurant may not remain

open due to COVID-19. (ECF No. 66 at 15; ECF No. 72 at 9.) Mr. Neal's claims are thus moot, they argue. *Id.* Mr. Neal opposes by noting that Defendants fail to provide any proof of the alleged remediation and by arguing that the violations would continue if El Vaquero remains open. (ECF No. 69 at 14.)

To repeat, Article III, Section 2 of the United States Constitution provides the Court with jurisdiction only over actual cases and controversies. *United States v. City of Detroit*, 720 F.2d 443 (6th Cir. 1983). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (citations omitted). So, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* (citations omitted). The federal courts are not empowered to decide moot issues. *Stamper v. Martin*, 740 F.2d 969 (6th Cir. 1984) (citation omitted). "The 'heavy burden of demonstrating mootness' lies with the party claiming that the case is moot." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-0767, 2015 U.S. Dist. LEXIS 119306, at *7-8 (S.D. Ohio Sep. 8, 2015) (quoting *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530-31 (6th Cir. 2001)).

Defendants fail to meet their heavy burden. They provide no evidence whatsoever of a contract to remediate or completion of remediation. *See Ross v. City of Gatlinburg*, 327 F. Supp. 2d 834, 842 (E.D. Tenn. 2003) (arguments of counsel are not acceptable proof under Rule 56). Furthermore, while COVID-19 may have negatively impacted the restaurant's business, El Vaquero has apparently remained open in some capacity throughout the duration of this litigation. Mr. Neal's claims are not moot based upon the mere chance that El Vaquero may close

9

at some point in the future. Accordingly, the Court finds that Mr. Neal's claims are not moot and **DENIES** Defendants' Motion for Summary Judgment on this ground.

## IV.    FAILURE TO JOIN

Defendants next seek dismissal because Mr. Neal failed to join Mr. Richard Wagner and Indus Riverside Hotel, LLC ("Indus") as indispensable parties. (ECF No. 66 at 19-20.) Mr. Neal argues that they are not required parties and alternatively argues that joinder is not feasible. (ECF No. 69 at 17-19.) Defendants reply that failure to join either of the named parties would subject Defendants to the possibility of multiple or inconsistent judgments. (ECF No. 72 at 7-8.)

Defendants' argument is premised upon a March 26, 2020 letter ("Letter")[1] its counsel received from Mr. Neal's counsel. (ECF No. 63-1.) The Letter is addressed to Defendants and to counsel for Indus. *Id.* The Letter states that on November 15, 2019, Mr. Wagner visited the same El Vaquero Mr. Neal visited. *Id.* While the Letter does not state that Mr. Wagner is disabled, it does provide that Mr. Wagner experienced sixty-three barriers to access in the parking lot and inside the restaurant during his visit. *Id.* The Letter asserts that those barriers may be in violation of unspecified "federal and/or state accessibility laws . . . ." *Id.*

From this, Defendants argue that the Letter sets forth "precisely the same allegations that are the gravamen of this action, except that the [c]laim identified a new complainant, [Mr.

---

[1] Mr. Neal argues, without support or elaboration, that the Letter is not admissible Fed. R. Civ. P. 56 evidence. (ECF No. 69 at 17.) Regardless, because the Letter could be presented in a form that is admissible via testimony or an affidavit, the Court may consider it in the present context. *See Ganesh v. United States*, 658 F. App'x 217, 220 (6th Cir. 2016) (line between authenticated and unauthenticated evidence removed in Rule 56); *see also Mangum v. Repp*, 674 F. App'x 531, 536-37 (6th Cir. 2017) (after objection, proponent must show evidence is or can be admissible for Rule 56 purposes).

Wagner], as well as a new defendant, [Indus]." (ECF No. 66 at 24). Defendants assert that Mr. Wagner and Indus are indispensable parties under Fed. R. Civ. P. 19 that have not been joined such that dismissal is warranted. *Id.*

"Assessing whether joinder is proper under Rule 19 is a three-step process." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citations omitted). "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 774 (S.D. Ohio 2014) (quotation and citation omitted). "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Glancy*, 373 F.3d at 666 (citation omitted). "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should in equity and good conscience dismiss the case because the absentee is indispensable." *Id.* (internal quotation marks and citation omitted).

Under Rule 19, a party is "necessary" if it is subject to service of process and its joinder would not deprive the Court of subject matter jurisdiction if: (1) the absence of the party to be joined impairs the court's ability to grant relief; (2) the party to be joined claims an interest in the subject matter of the action and not joining the person would impede the party's ability to protect that interest; *or* (3) the party to be joined claims an interest in the subject matter of the action and not joining the person would leave an existing party vulnerable to incurring multiple or inconsistent obligations regarding the claimed interest. Fed. R. Civ. P. 19(a)(1) (emphasis added). "If the court determines that a party is not necessary under Rule 19(a), joinder, as well as further analysis, is unnecessary." *Id.* (internal quotations and citation omitted). Defendants proceed under the third prong.

Defendants carry the burden of showing that Mr. Wagner and Indus are required parties under Rule 19(a). *Eagle Realty Invs., Inc. v. Dumon*, 2019 U.S. Dist. LEXIS 23121, \*3-4 (S.D. Ohio February 13, 2019). Defendants may satisfy their burden through the production of evidence outside the pleadings. *Hensley v. Conner*, 800 F. App'x 309, 312 (6th Cir. 2020); *see also Reilly*, 6 F. Supp. 3d at 774-75. The Letter is the only evidence Defendants proffer in support of their contention.

Both sides agree that Mr. Wagner and Indus are subject to service of process. Both sides further concur that the joinder of Mr. Wagner and Indus would not deprive the Court of subject matter jurisdiction. But both sides disagree as to whether Mr. Wagner and Indus claim an interest in the subject matter of the action and whether not joining them would leave Defendants vulnerable to incurring multiple or inconsistent obligations regarding the claimed interest. In particular, Defendants argue that Mr. Wagner has an interest in this case because he wants the same alleged violations at the restaurant fixed as Mr. Neal does. (ECF No. 66 at 21.) Mr. Neal does not respond to this contention, and the Court agrees with Defendants that Mr. Wagner may have an interest in this matter based upon the shared allegations. Defendants mention nothing about Indus' interest in this case, however. *Id*. For that reason, the Court holds that Defendants failed to establish their burden of showing that Indus is a required party. Defendants' request for dismissal for failure to join Indus is **DENIED**.

Having determined that Mr. Wagner may claim an interest in the subject matter of this case, the question becomes whether Defendants have established that failure to join him could result in a substantial risk to them of potential multiple and conflicting judgments regarding the alleged violations. They have not. Defendants' motion merely generically restates Rule 19's language regarding this requirement as to Mr. Wagner without offering specific arguments or

evidence as to how or why they might suffer from such judgments were Mr. Wagner not to be joined. (ECF No. 66 at 25.) While Defendants' Reply (ECF No. 72) does add some contour to this argument, the Court cannot and will not consider issues or arguments raised for the first time in a reply. *Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, 958 (S.D. Ohio 2012) (citations omitted). Accordingly, the Court holds that Defendants failed to establish their burden of showing that Mr. Wagner is a required party. *See Reilly*, 6 F. Supp. 3d at 775 (holding defendants failed to fulfill their Rule 19 burden by merely providing legal conclusions unsupported by facts, case law, and/or legal argument). Defendants' request for dismissal for failure to join Mr. Wagner is **DENIED**.

## V. MOTIONS TO STRIKE

### A. Exhibits 17 and 18 to Plaintiffs' Reply

Exhibit 17 (ECF No. 68-1) to Plaintiff's Reply (ECF No. 68) is Mr. Neal's Answers and Responses to Morales, Inc.'s First Set of Interrogatories and Request for Production. Exhibit 18 (ECF No. 68-2) to Plaintiff's Reply (ECF No. 68) is Mr. Neal's Verification for those responses. Defendants move to strike both because the Verification is missing a notary stamp and the signature of the notary is illegible. (ECF No. 71.) Mr. Neal has since filed a properly notarized Verification. (ECF No. 73-1.) Accordingly, he argues Defendants' Motion to Strike both exhibits are moot. (ECF No. 73 at 3.) Defendants' Reply claims that they will experience prejudice if the exhibits are admitted because "they have never had an opportunity to respond to the new evidence." (ECF No. 76 at 3.)

The Court declines to give dispositive weight to a technical deficiency for three reasons. First, Defendants previously received the exhibits during discovery so they were aware of the substance of the documents. Second, they did not raise any concern with the lack of a notary

13

stamp upon receipt of the documents. Third, the Court's acceptance of the notary's stamp does not alter the documents' content; instead, it serves only to cure the technical deficiency. The Court thus **DENIES** Defendants' Motion to Strike. (ECF No. 71.)

### B. Affidavit of Ms. Thuy Pham and Exhibits Attached Thereto

Defendants rely upon Ms. Pham's Affidavit (ECF No. 66-5) to support their argument in their motion for summary judgment that removal of the alleged barriers at the restaurant is not readily achievable. (ECF No. 74 at 1.) Therein, Ms. Pham testifies that she is Morales, Inc.'s bookkeeper. *Id.* at ¶ 1. She avers that El Vaquero's sales were reduced to approximately $375 a day for the first two weeks after Governor Mike DeWine's COVID-19 Stay at Home Order. *Id.* at 3. She attaches El Vaquero's self-prepared March 2020 sales report (ECF No. 66-5 at Ex. A) and the related state tax filing (ECF No. 66-5 at Ex. B) to illustrate.

Mr. Neal seeks exclusion of those materials and all references thereto because Defendants failed to identify Ms. Pham in their initial disclosures in violation of Fed. R. Civ. P. 26(a)(1)(A)(i). (ECF No. 70 at 1-2.) That rule requires parties to disclose the name and contact information of any individual likely to have discoverable data and the subject of that information. Mr. Neal also contends that Defendants failed to supplement their discovery responses with Ms. Pham's name in further violation of Fed. R. Civ. P. 26(e). He maintains exclusion is mandatory under Fed. R. Civ. P. 37(c) and permissible under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). (ECF No. 70 at 3.)

Federal Rule of Civil Procedure 37(c)(1) states that when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "Although exclusion of late or undisclosed evidence is

14

the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'" *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (citing *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783-84 (6th Cir. 2003) ("Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety.")). A noncompliant party may avoid sanction if "there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (internal quotation marks omitted) (citation omitted). Defendants, as the parties seeking to avoid the Rule 37 sanction, have the burden of showing that its omission was either substantially justifiable or harmless. *Roberts*, 325 F.3d at 782.

"[H]armless involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance ex rel. Hammons v. United States*, 182 F.3d 920, 1999 WL 455435, at *5 (6th Cir. 1999). "An honest mistake is one that would not indicate bad faith or an attempt to conceal information, which would include a genuine misinterpretation or misunderstanding of a rule or order." *Blair v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 647, 656 (E.D. Ky. 2013) (citation omitted).

In order to assess whether a party's omitted disclosure is "harmless" or "substantially justified," the Court considers five factors:

    (1) the surprise to the party against whom the evidence would be offered;
    (2) the ability of that party to cure the surprise;
    (3) the extent to which allowing the evidence would disrupt the trial;
    (4) the importance of the evidence; and
    (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Howe*, 801 F.3d at 748.

Here, Defendants concede that they did not disclose Ms. Pham's existence in their initial disclosures. (ECF No. 74 at 1.) They contest that Mr. Neal served discovery on them requiring her disclosure. *Id*. They argue that the Advisory Committee Notes for the 1993 Amendments, which include Rule 37(c)(1), establish that their failure to disclose was inadvertent. *Id*. at 4. With their position in mind, the Court proceeds to evaluate the *Howe* factors.

• **Surprise.** Defendants argue that Mr. Neal cannot be surprised by Ms. Pham's existence because she was identified in Mr. Neal's expert report as the Defendants' tax preparer. (ECF No. 74 at 1.) They correctly highlight that Interrogatory 2 asks only for the names and contact information for any person employed by them to "manage, operate, or perform any service *at* [El Vaquero] *on the date of this incident, June 15, 2018 as well as today's date, June 17, 2019*." (ECF No. 70 at 2) (emphasis added). Defendants claim that the question does not require Ms. Pham's disclosure as they did not employ her to work at the restaurant on either of those days.

The Court finds both arguments convincing. The Interrogatory as written does not require Ms. Pham's disclosure because Defendants did not employ her to perform any service *at* the restaurant. In addition, Mr. Neal was aware that Defendants did not complete their initial disclosures six months ago. Yet, Mr. Neal chose not to file a motion to compel. Moreover, Ms. Pham was identified as Defendants' tax preparer months ago. Again, Mr. Neal took no action as to her possible testimony then either. Ability to cure is often a key issue in Title III ADA cases such as this one and an entity's tax preparer could be an informative witness on this issue. Under these circumstances, the Court finds no surprise to Mr. Neal. *See Roberts*, 325 F.3d at 783 (commenting that delay in raising objection to failure to disclose may indicate failure to disclose is harmless).

16

● **Ability to Cure.** The Court could order discovery reopened for the limited purpose of allowing Ms. Pham to be deposed. The Court could then permit summary judgment filings to be updated accordingly. But the Court finds that to be unnecessary for three reasons. First, the information pertains to just two weeks of the restaurant's income. Second, the data is from a time when restaurants were limited to carry-out; currently, restaurants are able to offer dine-in service. Third, it is in the public record that restaurants are suffering financial strain as a result of the State of Ohio's March 15, 2020 Order Limiting the Sale of Food and Beverages, Liquor, Beer and Wine to Carry-out and Delivery Only in response to COVID-19. *See* Dr. Amy Acton, Director's Order, https://coronavirus.ohio.gov/wps/portal/gov/covid-19/resources/public-health-orders/health-director-order-limit-food-alcohol-sales-to-carry-out-delivery-only (last visited June 22, 2020). Hence, Ms. Pham's Affidavit is a recent snapshot and is not necessarily a representative overview of Defendants' financial situation. For these reasons, this factor leans in favor of allowing the affidavit.

● **Disrupt Trial.** Allowing discovery to re-open on a limited basis and tight timeline would not disrupt the trial date, which is four months away.

● **Evidence Importance.** The Court does not find the evidence to be dispositive for the reasons elucidated in the ability to cure section, *infra*.

● **Explanation.** Defendants indicate that Ms. Pham's testimony was not possible or relevant until March 2020 when the Stay at Home Order went into effect due to the COVID-19 pandemic. (ECF No. 74 at 1-3.) Accordingly, they maintain that based upon the information reasonably available to them in December 2019 when their disclosures were due, they had no reasonable basis to believe that Ms. Pham's testimony would be relevant. *Id*. Given the extraordinary nature of COVID-19, the Court concurs.

17

In sum, the Court finds that Defendants have satisfied their burden of providing a reasonable explanation for their failure to identify Ms. Pham in their initial disclosures and that such failure was harmless. Mr. Neal's Motion to Exclude under Rule 37(c)(1) is **DENIED**. (ECF No. 70.)

Mr. Neal also moves for exclusion under Rule 37(b). (ECF No. 70 at 3.)  That rule deals only with violations of discovery orders. He fails to identify any applicable discovery order in this case. The Court **DENIES** Mr. Neal's Motion to Exclude under Rule 37(b). (ECF No. 70.)

## VI.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Longaberger*, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant

18

probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty*, 544 F.3d at 702; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

## VII.    TITLE III ANALYSIS

Mr. Neal asserts that there are eighty-eight barriers to access at El Vaquero in violation of Title III of the ADA. (ECF No. 62-1 at 13.) He argues remediation of those barriers is readily achievable so that he is entitled to summary judgment and injunctive relief.[2] *Id*. at 14-16. Defendants counter that their expert disagrees with Mr. Neal's expert as to whether the alleged violations equate to barriers and how to repair any barriers. (ECF No. 66 at 23, ECF No. 67 at 5-7; ECF No. 72 at 5-7.) Defendants maintain conflict also exists regarding whether some barriers

---

[2] Private litigants suing under Title III are only entitled to injunctive and declaratory relief. *See* 42 U.S.C. § 12188; *Walker v. 9912 E. Grand River Assocs.*, LP, No. 11-12085, 2012 U.S. Dist. LEXIS 46887, at *14-15 (E.D. Mich. Apr. 3, 2012) (citing cases).

19

need to be removed and the cost to do so. *Id.* Alternatively, Defendants argue that COVID-19's financial repercussions on El Vaquero have rendered barrier removal not readily achievable. (ECF No. 66 at 22.) They argue that judgment is therefore not proper for Mr. Neal. (ECF No. 66 at 23, ECF No. 67 at 5-7; ECF No. 72 at 5-7.) Mr. Neal replies that his supporting documentation removes all material questions as to the existence of violations, the methods of repair for those violations and the readily achievable nature of the repairs. (ECF No. 68 at 2-5; ECF No. 69 at 15-17.)

"Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). Title III of the ADA applies to discrimination by places of public accommodation. The statute provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to) or operates a place of public accommodation.

42 U.S.C. § 12188(a). It is undisputed that El Vaquero is a place of public accommodation as defined by Title III.

To establish a Title III ADA claim, Mr. Neal must prove that: "(1) he . . . is disabled within the meaning of the ADA; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." *Young v. Kali Hosp., Ltd.*, No. 2:07-CV-395, 2010 U.S. Dist. LEXIS 77637, at *10-11 (S.D. Ohio Aug. 2, 2010). Only the third prong is at issue here.

The ADA defines "discrimination" to include:

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not

> including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

42 U.S.C. §§ 12182(b)(2)(A)(iv)-(v). Hence, the ADA requires El Vaquero "to remove architectural barriers that are structural in nature . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

There must be architectural barriers at El Vaquero for there to be a violation of the ADA. The parties dispute the existence and quantity of barriers at the restaurant in addition to what remediation is needed. Mr. Neal's expert, Mr. Derek Mortland, prepared a site evaluation accessibility evaluation ("Mortland's Evaluation") for El Vaquero. (ECF No. 62 at 7.) Mortland's Evaluation found eighty-seven barriers.[3] Defendants' expert, Mr. Thomas McCash, prepared an ADA compliance audit ("McCash's Audit") of El Vaquero. (ECF No. 66-7 at Ex. B.) Mr. Neal claims that McCash's Audit agrees with Mortland's Evaluation for seventy-seven of the eighty-eight[4] violations and urges the Court to enter judgment as to those seventy-seven violations. Mr. McCash disputes any agreement between his Audit and Mortland's Evaluation. (McCash's Aff., ECF No. 66-7 at ¶ 4.) Mr. Neal attempts to buttress his commonality contention via a summary chart (ECF No. 62-19) prepared by Mr. Mortland but this effort is unsuccessful because the chart does not cite to specific portions of McCash's Audit to enable verification. (ECF No. 62-7 at ¶ 4.) It is not the Court's role to search the record (including the nearly 250

---

[3] Mr. Neal argues that there are eighty-eight. (ECF No. 68 at 2.)
[4] *Id.*

pages of expert reports) to find those supporting cites; it is Mr. Neal's burden to provide them. In sum, the record contains genuine issues of material fact as to the presence, number and ADA-complaint remedy methods of any alleged ADA barriers at El Vaquero. Accordingly, the cross-motions for summary judgment are **DENIED** and the Court need not discuss whether remediation is readily achievable. (ECF Nos. 62, 66.)

## VIII.  OHIO CLAIMS

Both sides move for judgment on Mr. Neal's state disability discrimination claims brought under Ohio Revised Code § 4112.02(G) and Ohio Administrative Code § 4101:1-11 *et seq.* The parties agree that the same analysis is used for Mr. Neal's federal and state disability discrimination counts. *Rosebrough v. Buckeye Valley High Sch.*, 582 F. App'x 647, 650 (6th Cir. 2014); *see also* ECF No. 68 at 7; ECF No. 66 at 27.  Because the Court denies the cross-motions for summary judgment on Mr. Neal's federal counts, the Court **DENIES** the cross-motions for summary judgment on Mr. Neal's state counts and a discussion of damages for the state counts is unnecessary. (ECF Nos. 62, 66.)

## IV.    CONCLUSION

Defendants' request for dismissal due to lack of standing and mootness is **DENIED**. (ECF No. 66.)

Defendants' request for dismissal for failure to add a necessary party is **DENIED**. (ECF No. 66.)

Plaintiff's Motion to Strike is **DENIED**. (ECF No. 70.)

Defendants' Motion to Strike is **DENIED**. (ECF No. 71.)

The cross-motions for summary judgment are **DENIED**. (ECF Nos. 62, 66.)

The final pre-trial and trial dates remain as scheduled.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**